# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY JOE VALENTINE,<br><br>Petitioner,<br><br>v.<br><br>SPEARMAN, Warden,<br><br>Respondent. | Case No. SA CV 16-26 DMG (MRW) /<br>SA CV 16-225 DMG (MRW)<br><br>**ORDER DISMISSING HABEAS ACTIONS** |

The Court summarily dismisses these habeas actions pursuant to 28 U.S.C. § 2244 and Local Rule 72-3.2.

\* \* \*

In 1986, a state jury convicted Petitioner of murder and attempted manslaughter. The trial court sentenced Petitioner to 16 years to life in prison.

In late 2015, Petitioner filed a habeas action seeking review of his conviction. Valentine v. Spearman, SA CV 15-2177 DMG (MRW) (C.D. Cal.) ("Valentine I"). Petitioner alleged that the state trial court failed to conduct a proper preliminary hearing. Petitioner was unable to demonstrate. however, how his federal habeas action was timely under AEDPA. After considering Petitioner's

supplemental materials, the Court summarily dismissed Valentine I with prejudice as untimely.

In short order, Petitioner filed two additional federal actions – the pending cases – to challenge his murder conviction again. Valentine v. Spearman, SA CV 16-26 DMG (MRW) (C.D. Cal.) ("Valentine II"); Valentine v. Spearman, SA CV 16-225 DMG (MRW) (C.D. Cal.) ("Valentine III"). As with Valentine I, the petitions in Valentine II and Valentine III each raise Petitioner's preliminary hearing complaint and a related argument of ineffective assistance of counsel.

After reviewing Petitioner's submissions, Magistrate Judge Wilner informed Petitioner of the summary dismissal of Valentine I. Judge Wilner also gave Petitioner an opportunity to be heard as to why Valentine II and Valentine III should not be summarily dismissed.

In his responses (Valentine II, Docket # 9; Valentine III, Docket # 16), Petitioner offers a variety of legal and equitable reasons for this Court to consider challenges to his 30-year-old conviction. They include: Petitioner's reliance on the terms of 28 U.S.C. § 2255 (which is applicable to individuals convicted of federal crimes, not state ones like Petitioner); his claim that he only recently "realized his lawyer's ineffectiveness"; and an argument that all aspects of his recent denial of parole relate back to defects in the "trial record" derived from the failure to conduct a preliminary hearing.

\* \* \*

The Court concludes that both of Petitioner's actions are subject to summary dismissal. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts; Local Civil Rule 72-3.2.

1. The Court dismissed Valentine I with prejudice as untimely under AEDPA. Valentine II and Valentine III are each "successive" petitions asserting similar claims. Neither action is accompanied by a certificate of authorization

from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals). Successive petitions are subject to summary disposition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

    2.    Even if Petitioner's claims were not barred in this manner, he offers no viable argument as to why his actions are potentially timely. As the Court explained in the dismissal of Valentine I, Petitioner cannot demonstrate that he complied with AEDPA's one-year limitations period or is entitled to any period of equitable tolling. Despite his claim of ineffective assistance of counsel, Petitioner has not demonstrated any circumstances explaining why he waited decades to bring this claim. Further, there is no proof that Petitioner was unable to learn the facts (as opposed to the legal significance) of any alleged lawyer misconduct until recently. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (prisoner need not "understand the legal significance of those facts – rather than simply the facts themselves – before the due diligence (and hence the limitations) clock started ticking" under AEDPA); Cox v. Small, 463 F. App'x 661, 662 (9th Cir. 2011) (same).

    3.    In any event, Petitioner's complaints about the propriety of the preliminary hearing in state court cannot state a claim for a violation of the U.S. Constitution. Irregularities in pretrial proceedings cannot "void a subsequent conviction" and do not state constitutional error that can lead to habeas relief. Gerstein v. Pugh, 420 U.S. 103, 119 (1975); Howard v. Cupp, 747 F.2d 510, 510 (9th Cir. 1984) ("there is no fundamental right to a preliminary hearing"); Crawford v. Miller, CV 12-10438 DDP (JEM) (C.D. Cal. 2015) (prisoner not entitled to relief on claim alleging error in state preliminary hearing).

\* \* \*

1       For the foregoing reasons, the Court summarily DISMISSES <u>Valentine II</u>
2 and <u>Valentine III</u> with prejudice.
3       IT IS SO ORDERED.

5 DATED: July 29, 2016               _____
6                                                       DOLLY M. GEE
                                                      UNITED STATES DISTRICT JUDGE

8 Presented by:

11 _____
12 HON. MICHAEL R. WILNER
   UNITED STATES MAGISTRATE JUDGE